IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–00343–LTB–KMT

REHABCARE GROUP, INC., and
REHABCARE GROUP EAST, INC., d/b/a
CPR REHAB THERAPY,

    Plaintiffs,

v.

LUIS ROCKY FLORES,
VALERIE FELIX,
REGAN FUJINO, and
SELECT REHABILITATION, INC.,

    Defendants.

---

## ORDER

---

This matter came before the court for hearing on a proposed expedited scheduling order pertaining to the preliminary injunction hearing now set to begin on May 12, 2008 at 9:00 a.m. The court has heard oral argument, reviewed a proposed scheduling order submitted by the plaintiffs and taken judicial notice of the contents of the court's file.

Both parties agree that an expedited discovery schedule addressing only the issues to be resolved at the preliminary injunction hearing is appropriate based upon the order of District Court Judge Lewis T. Babcock. ( "TRO Order" [Doc. No. 23, filed February 29, 2008]. The

parties met and conferred on March 5, 2008 in an attempt to reach agreement on an expedited schedule and initial disclosures but could not come to a definitive agreement on all matters. Additionally, the defendants anticipate filing a motion with the district court for a preliminary injunction hearing date earlier than May 12, 2008, and therefore were unwilling to stipulate to discovery dates calculated on the basis of the now scheduled hearing.

The TRO Order provided that the injunctive relief granted would be in full force and effect for a period of 120 days from the date the plaintiffs posted the required bond. (TRO Order ¶ f.) The bond was posted and the district court made its order effective on March 4, 2008. [Doc. No. 27, dated March 5, 2008] Therefore, the one hundred twenty day period would expire after July 2, 2008. The reference from the district court to the magistrate judge requires the magistrate judge, among other things, to "[c]onduct hearings, including evidentiary hearings and submit proposed findings of fact and recommendations for rulings on dispositive motions, specifically any motion for preliminary injunction." [Doc. No. 22]. Therefore, the hearing on the preliminary injunctive relief must be conducted with adequate time to allow for the one week evidentiary hearing itself, time for preparation and filing of the magistrate judge report, time for objections, if any, to the report, time for the preparation of transcripts of the hearing if needed and time to allow the district court to conduct the necessary review of the report, evidence and proceedings prior to July 2, 2008. Fed. R. Civ. P. 72(b).

Balanced against the time limitations above, is the need for the parties to engage in a certain amount of written discovery, take depositions, determine if expert witnesses are needed and generally prepare for the week long evidentiary hearing. Calendaring is complicated by the

fact that the corporate entities are located in Chicago, Illinois and St. Louis, Missouri and many of the individual parties and potential witnesses are located in the metropolitan Denver, Colorado area. Therefore travel time for the attorneys and parties must be accounted for as well as certain holiday periods which might affect the ability of the parties to travel to certain locations. As of the scheduling hearing conducted this date, the court calculates there are sixty-seven calendar days to accomplish all the discovery for both sides.

The court's ability to schedule the week long hearing is hampered by four weeks of scheduled criminal duty during which evidentiary matters of this magnitude cannot be set and two weeks of mandatory training and education outside the District. Taking all these factors into consideration, the court scheduled May 12 - 17, 2008, after clearing the proposed dates with counsel, for the hearing and has re-scheduled previously set matters.

Therefore the court ORDERS:

1. All factual discovery prior to the May 12, 2008 hearing should be completed by **May 2, 2008.**

2. Interrogatories will be limited to no more than thirty (30) per side, including all sub-parts. The parties shall have ten (10) days within which to respond to interrogatories propounded.

3. Requests for production of documents and requests for admissions will not be limited. The parties shall have ten (10) days within which to respond to such requests.

4. Initial written discovery requests will be submitted by both parties by no later than **March 7, 2008.** All discovery requests and responses will be submitted electronically by either fax or email and there will be no three day mailing provision for discovery during this expedited period. The parties shall respond to these initial discovery requests on or before **March 17, 2008**.

5. Both parties shall designate experts by no later than **April 15, 2008.** Rebuttal experts shall be designated by no later than **May 2, 2008.**

6. The parties and counsel will keep the following dates open on their calendars for possible deposition testimony: **March 24 - 25, 2008**; **March 31, 2008 through and including April 4, 2008**; and, **April 16, 2008 through and including April 18, 2008.** The parties are encouraged to maintain April 21, 2008 though and including April 25, 2008 as an alternate time period to conduct depositions if there is a need of additional time.

7. The parties will be limited to fifteen (15) depositions per side; depositions will be limited to not longer than seven (7) hours.

8. Witness list, exhibit lists, motions in limine and stipulations as to evidence to be presented at the hearing shall be exchanged between the parties by no later than May 7, 2008. Copies of all exchanged documents shall be provided to the court at [Tafoya_Chambers@cod.uscourts.gov](mailto:Tafoya_Chambers@cod.uscourts.gov) . The parties are directed to the court's internet website at [www.cod.uscourts.gov](http://www.cod.uscourts.gov) to obtain and utilize the Trial Procedures and Exhibit and Witness List formats for District Judge Lewis T. Babcock.

9. A status conference is set for **April 29, 2008 at 9:30 a.m.** to address any pending matters needing resolution prior to the May 12, 2008 evidentiary hearing. At the status conference, the parties should be prepared to also set a date and time for a further Scheduling Conference on the remaining issues in the case.

Dated this 6th day of March, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge