**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:08-CV-00343-LTB

REHABCARE GROUP, INC., and
REHABCARE GROUP EAST, INC., d/b/a
CPR REHAB THERAPY,

    PLAINTIFFS,

v.

LUIS ROCKY FLORES

    DEFENDANT

VALERIE FELIX

    DEFENDANT

REGAN FUJINO

    DEFENDANT

SELECT REHABILITATION, INC.

    DEFENDANT

---

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

---

Plaintiffs, RehabCare Group, Inc. and RehabCare Group East, Inc. d/b/a CPR Rehab Therapy (collectively "RehabCare"), and the Defendants Luis "Rocky" Flores ("Flores"), Valerie Felix ("Felix"), Regan Fujino ("Fujino"), and Select Rehabilitation, Inc. ("Select") (collectively "Defendants"), agree to the entry of this Agreed

Confidentiality and Protective Order for the protection of confidential materials produced by any person.

The parties desire that confidential materials not be disclosed to anyone other than those designated herein or used outside of the scope of this case. In order to protect the confidentiality of materials produced by any person, to the greatest extent possible consistent with the requesting party's desire to examine and use the documents and materials in the course of this litigation, and to address this situation should it arise in the course of future discovery, the undersigned parties agree that this and all future discovery shall be governed as follows:

1. a. This Confidentiality and Protective Order governs the handling of all discovery, meaning all written, recorded, transcribed, printed or impressed matter of any kind, however produced or reproduced, including but not limited to, sound or pictorial recordings, computerized information, electronically transmitted data of all kinds, books, pamphlets, letters, memoranda, telegrams, handwritings, charts, papers, writings, printings, transcriptions, tapes, cancelled checks, financial records, bookkeeping entries and records or information of any kind (collectively, "Material") produced, given or filed during discovery and other proceedings in this action.

   b. The provisions of this Confidentiality and Protective Order shall apply to (i) the named parties to this action and (ii) any other person producing or disclosing Material in this action who agrees to be bound by the terms of this Confidentiality and Protective Order. "Person" includes the named parties and others who have agreed to be bound by this Confidentiality and Protective Order; "Parties" is limited to the named parties in this action.

2. "Confidential Material" shall refer to any portion of any document or testimony which the producing or designating person contends in good faith, and with a reasonable basis in law and fact, constitutes information that is a trade secret or other confidential research, development or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(7). Any Person may designate as "Confidential Material" any Material that it produces or otherwise discloses in response to discovery in the action.

3. A party to this litigation who produces or discloses any item may designate certain Confidential Material as:

*"CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY"*

if such item meets the requirements for designation as Confidential Material and, in addition, the Confidential Material meets the requirements of this paragraph.

    a. Items shall not be designated as "Confidential-Outside Attorneys Only" unless such items contain information of the most sensitive nature that, if disclosed, would reveal technical or competitive business information of the producing or designating party. "Confidential-Outside Attorneys Only" information is limited to certain highly sensitive business or financial information and marketing plans and forecasts, and information relating to the operation of the parties' businesses.

    b. Materials designated by RehabCare as "Confidential-Outside Attorneys Only" may be provided to Flores, Felix, and Fujino for the sole purpose of consultation and preparation with outside counsel for this litigation. This exception does not apply to the corporate defendant Select Rehabilitation, Inc. Defendants acknowledge that any document provided by outside counsel to the defendants Flores, Felix, and

Fujino for consultation purposes must be returned to outside counsel and that they have not retained any versions or copies of these exhibits.

    4.    Confidential Material shall be subject to the following restrictions:

    a.    Confidential Material shall be used only for the purpose of this litigation (including appeals) and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given, shown, made available or communicated for the purposes permitted under this paragraph, as set forth in paragraph 4(b) below.

    b.    In the absence of written permission from the party producing the confidential information or further order of the Court, Confidential Material shall not be disclosed to any person other than:

    i.    counsel of record and other counsel for the Parties, and counsel's employees;

    ii.    the Court (including court reporters, stenographic reporters, and court personnel);

    iii.    deponents (including the stenographic reporters and video technicians);

    iv.    the jury;

    v.    the parties, if such information is required for a parties' case preparation;

    vi.    expert witnesses and their secretarial or clerical staff, retained by any Party; and

     vii.  witnesses and potential witnesses.

  c.  In the absence of written permission from the party producing the confidential information or further order of the Court, material designated as "Confidential – Outside Attorneys Only" shall not be disclosed to any person other than:

     i.  outside counsel of record and outside counsel's employees;

     ii.  the Court (including court reporters, stenographic reporters, and court personnel);

     iii.  the jury; and

     iv.  Flores, Felix, and Fujino for the sole purpose of consultation and preparation with outside counsel for this litigation.

  d.  All exhibits to pleadings or other court filings that contain Confidential Material shall be labeled "Confidential -- Subject to Court Order" and filed under seal, and shall remain under seal until the Court orders otherwise.

  e.  Notwithstanding any of the foregoing provisions, this Confidentiality and Protective Order shall not restrict any Person's use of its own Confidential Material.

  5.  Each Person given access to Confidential Material pursuant to the terms hereof (other than those Persons enumerated in paragraph 4(b)(ii) and (v) above, counsel of record, employees of counsel of record, or the parties) shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Confidentiality and Protective Order and may not be disclosed other than pursuant to the terms hereof, and (ii) that the violation of the terms of this Confidentiality Order (by use of the Confidential Material) in any impermissible manner or for any impermissible

purpose may constitute contempt of a court order. Before any Person (other than those Persons enumerated in paragraph 4(b)(ii) and (v) above, counsel of record, employees of counsel of record, or the parties) is given access to Confidential Material, he must also execute a copy of the certificate attached as Exhibit "A."

  6. Confidential Material shall be designated as follows:

    a. In the case of documents, designation shall be made in the case of confidential documents by placing the legend "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY" on each page of any such document.

    b. In the case of interrogatory answers, designation shall be made by placing the legend "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY" on each page of any answer or response that contains such Confidential Material.

    c. Either party can designate a portion of a deposition transcript or any other oral testimony transcript as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY" during the deposition or testimony, or within twenty business days after the receipt of the deposition or testimony transcript. If an answer during a deposition contains information that is "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY," counsel may remove any individual who is not privy to such information pursuant to paragraphs 5(b) and 5(c) of this Agreed Order. If a party expects that its questioning will elicit information that the other party will likely designate as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS ONLY," counsel must make this known prior to the questioning so parties can work together regarding the designation.

d. All briefs, pleadings or other filings with the Court that incorporate or disclose Confidential Material shall be appropriately labeled on the cover page and filed under seal.

7. No Party concedes that any Material designated by any other Party or Person as Confidential or Confidential-Outside Attorneys Only Material does in fact contain or reflect Confidential Material or Confidential-Outside Attorneys Only Material, or has been property designated as Confidential Material or Confidential-Outside Attorneys Only Material. The Parties shall not be obligated to challenge the propriety of the designation of Material as Confidential Material or Confidential-Outside Attorneys Only Material at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereof. If a Party challenges such designation, it shall send or give notice to the designating Person, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating Person or the challenging Party may, on reasonable notice, apply for appropriate ruling(s) from the Court. The Material in issue shall continue to be treated as designated until the Court orders otherwise.

8. Any Party may at any time, on reasonable notice, move for (i) modification of this Confidentiality and Protective Order, or (ii) relief from the provisions of this Confidentiality and Protective Order with respect to specific Material.

9. a. This Confidentiality and Protective Order, insofar as it restricts the communication and use of Confidential Material and Confidential-Outside Attorneys Only Material, shall continue to be binding from the date of filing of the Complaint throughout and after the conclusion of this litigation, including, any appeals. Within 60

days after the conclusion of this litigation (including any appeals), all Confidential Material or Confidential-Outside Attorneys Only Material, and all conforming and nonconforming copies, shall be returned to counsel for the producing Party or shall be destroyed.

      b.    Upon the final determination of this action, including appeals, if any, any Confidential Material or Confidential-Outside Attorneys Only Material which has been submitted to the Court during the course of this action, including Confidential Material or Confidential-Outside Attorneys Only Material submitted for identification and/or evidence at the trial of this action, may be the subject of a withdrawal request addressed to this Court and the consent of all Parties to such request shall not be withheld without good cause.

10.    Neither the signing of this Confidentiality and Protective Order, nor the designation and disclosure of Confidential Material pursuant hereto shall be construed as a waiver of, or preclude any Person from raising, any objection to discovery or asserting any and all privileges otherwise available.

11.    Any material that was obtained by means other than through disclosure pursuant to this Confidentiality and Protective Order need not be treated as Confidential Material under the terms of this Confidentiality and Protective Order.

12.    a.    In the event that a Party inadvertently produces to my other Party any document that is subject to a recognized claim of privilege, for example, pursuant to the attorney client privilege or work product doctrine, the producing Party may retrieve the privileged documents as follows:

     i. within 30 days of the production, the producing Party must give written notice to all Parties who received copies of the produced document that said document is privileged and state the nature of the privilege; and

     ii upon receipt of such notice, all Parties who have received a copy of the privileged document shall promptly return it to the producing Party and destroy any other copies thereof.

  b. Outside counsel may retain a copy for the sole purpose of challenging opposing counsels' allegation of inadvertent disclosure.

13. This Confidentiality and Protective Order shall be executed by the parties in counterparts, and shall be effective as to each of the parties upon execution by each of them.

Entered this 20th day of March, 2008.

            s/ Kathleen M. Tafoya
            U. S. Magistrate Judge